WILLIAM A. SLATER et al., as Trustees under the Will of WILLIAM A. SLATER, Deceased, Appellants, v. GULF, MOBILE AND OHIO RAILROAD COMPANY et al., Respondents.

First Department, December 15, 1953.

*Watson Washburn* of counsel (*William P. Jones* with him on the brief; *Perkins, Malone & Washburn,* attorneys), for appellants.

*Edward K. Hanlon* of counsel (*Milton Weiss* with him on the brief; *Beekman & Bogue,* attorneys), for Gulf, Mobile and Ohio Railroad Company, respondent.

*William R. Meagher* of counsel (*Theodore Kiendl* and *Samuel J. Murray* with him on the brief; *Davis Polk Wardwell Sunderland & Kiendl,* attorneys), for Chicago, Burlington & Quincy Railroad, respondent.

*Per Curiam.* Plaintiffs, former holders of preferred stock of the Kansas City, St. Louis and Chicago Railroad Company, instituted this action for the restitution to them of stock exchanged for other securities and cash in the course of a reorganization of said railroad and the leasing of its trackage to defendants. Defendants' motion to dismiss the complaint upon the ground that a dismissal of a prior complaint was *res judicata* of the present action was granted at Special Term.

The prior action was brought not only by plaintiffs but also by a stockholders' committee purporting to represent a majority of the former holders of Kansas City preferred stock. The complaint was framed in two causes of action, one for breach of contract and the other for unjust enrichment. The contract alleged and relied upon in the prior complaint was an agreement upon the part of the defendant Burlington as well as the defendant Gulf to guarantee the bonds issued in exchange for the preferred stock. Refusal of Burlington to make the guarantee, while still acquiring the trackage rights, was alleged as the breach of contract and unjust enrichment. Recovery in damages was sought in behalf of all the former holders of Kansas City stock who had turned in their stock in the corporate reorganization.

The former complaint was dismissed on a motion for summary judgment upon the ground that the contract upon which plaintiffs sued was not established and that consequently there

was no cause of action either upon the alleged contract or for unjust enrichment. This court affirmed, except that it denied the leave which had been granted at Special Term to replead the second cause of action because "on the record before us there is no factual basis for the second cause of action either on the theory of fraud or unjust enrichment." (279 App. Div. 166, 172, affd. 304 N. Y. 636.)

Thus all that was determined on the prior action was that there was no cause of action either upon the contract or for unjust enrichment. It was suggested by plaintiffs on their prior appeal, however, that they would like to amend to allege a cause of action for restitution. While the court did not address itself directly to that proposal, it observed (p. 171): "At no time have plaintiffs or any former Kansas City stockholders offered to return the bonds * * * which they admittedly received as part of the exchange of stock for bonds; and obviously plaintiffs cannot now make restitution on the part of all Kansas City stockholders of the interest arrears that have been paid to them."

Defendants now argue that this court thereby denied to plaintiffs the privilege of repleading the very cause of action which they assert in the present complaint.

There is this fundamental difference between the two actions. The prior action was brought on behalf of a large number of stockholders, who could not, according to this court's observations, be rounded up to return the securities and amounts which they had received in the reorganization. The present action is by stockholders who tender and are in a position to make such a return. This court did not mean in its prior decision to bar or pass upon an action for restitution brought by holders of a single block of stock who were in a position to tender and return what they had received.

The present complaint is different from the former complaint in another fundamental respect. It concedes that the contract previously sued upon does not exist, but claims restitution of property turned over on the mistaken assumption that there was a contract. The sufficiency of these allegations to constitute a cause of action is not questioned on the present motion. We must assume for present purposes that a cause of action is stated. All that we are required or permitted to decide on this appeal is whether that alleged cause of action is *res judicata* by reason of our prior decision. We must hold that it is not.

The judgment and order appealed from should be reversed and the motion denied, with costs to appellants.

DORE, J. (dissenting). In granting defendants' motion to dismiss, the learned Special Term followed the reasoning and the action of this court on the prior appeal which was unanimously affirmed by the Court of Appeals (*Slater* v. *Gulf, Mobile & Ohio R. R. Co.*, 279 App. Div. 166, affd. 304 N. Y. 636). The order appealed from should be affirmed.

PECK, P. J., CALLAHAN and BOTEIN, JJ., concur in *Per Curiam* opinion; DORE, J., dissents and votes to affirm, in opinion in which COHN, J., concurs.

Judgment and order reversed, with costs to the appellants and the motion denied. [See *post,* p. 695.]